**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:21-CR-312-JEB |
| | ) | |
| Bradley Bennett, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S NOTICE OF COORECTION TO**
**GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION**

Comes now Defendant, by and through his undersigned counsel, and for Defendant's

Response to Government's Notice of Correction to Government's Memorandum in Support of

Pre-trial Detention, states to the Court as follows:

1.      The Detention hearing in the present case commenced on 04-29-2021 and ended on 04-

30-2021.

2.      The Court ruled from the bench on 04-30-2021 granting the Motion of the Government

for the Pretrial Detention of the Defendant.

3.      The hearing concluded at approximately 1:00 PM (EST) on 04-30-2021.

4.      At approximately 3:30 PM (EST) on 04-30-2021 counsel for the Defendant received a

call from AUSA Stumpf advising of the need on the part of the Government to file a Notice of

Correction herein; explaining the reason for the need to do so, confirming the anticipated prompt

issuance of a Notice of Electronic Entry by the Court with respect to same and expressing a

willingness to address any questions Defendant's counsel may have with respect to the

foregoing.

5.      AUSA Stumpf comport herself professionally and with punctilious observance of legal and ethical duties in this regard, for which both the undersigned and the Defendant are grateful.

6.      The Notice of Correction was filed with the Court virtually contemporaneously with the conclusion of the telephone call between Defendant's counsel and AUSA Stumpf.

7.      The Court has yet to publish its written ruling in connection with the recently concluded Detention Hearing.

8.      Based on the statements of the Court in its reasoned ruling from the Bench, the issue relating to the erroneously reported throwing by the Defendant of his cell phone out of the window of his vehicle on his way to self-surrender was one which was represented to have weighed heavily in the evaluation by the Court of the totality of the circumstances, when in fact the Defendant noted to the FBI the phone had broken and was discarded (not that he had thrown it out the window on his way to self-surrender).

9.      In fact, the Court stated, in effect, if not verbatim, "I wish you had not thrown your phone out of the window on your way to self-surrender,"" intimating that the Court would have ruled favorably on the request of the Defendant for pretrial release but for this erroneously asserted act.

10.     During the phone conversation between AUSA Stumpf and Defendant's counsel, AUSA Stumpf also noted that indeed the FBI received a phone call from an attorney (not the undersigned) on Friday, 04-09-2021, seeking to make arrangements with the FBI for the Defendant to self-surrender adding that later that same day the Defendant himself called the FBI to confirm the time of the self-surrender on Monday, 04-12-2021, during which the Defendant was advised not to bring a belt, but bring a form of identification, and other instructions, all of which are consistent with standard protocol given the need of authorities to seize personal property of an accused as part of pre-detention processing. This, of course, also supports the

proposition that the Defendant, even if his phone had not been broken and discarded, would not have brought his cell phone with him to be processed for detention.

11.     This further supports the proposition the Defendant was not dodging or trying to evade law enforcement; indeed was in contact with counsel, and was acting in a fashion consistent with one who was trying to responsibility navigate for the first time in his life a federal criminal charge. Note: the Defendant acknowledges that when he was charged with a misdemeanor or ordinance violation, he simply paid the fine, thinking pleading guilty to the charge and paying the fine and court costs was the right thing to do.

12.     Given the material nature of the issues relating to the need for the Government's Notice of Correction, the Defendant's counsel (being in the midst of moving offices) expedited the preparation and filing of the present pleading with an eye toward ensuring the Court was in possession of this pleading prior to the Court's issuance of the originally contemplated ruling on the Motion relating to the pretrial detention of the Defendant.

13.     Additionally, with limited time, Defendant's counsel solicited writing(s) supportive of the proposition that Defendant has long standing and close ties to the Charlotte/Huntersville, NC area. Copies of same are collective depicted in Exhibit A to this Response.

14.     Counsel for Defendant wishes to make clear as a matter of record that the Department of Justice, by and through AUSA Stumpf, acted with the highest order of respect for justice and candor for this Court and the Defendant and nothing about the actions of the Government which gave rise to the need for the Notice of Correction is perceived by Defendant or his counsel as nefarious, underhanded, intentional, or prejudicial, especially in light of the prompt transparency and forthcoming nature of the Notice of Correction and accompanying call by the AUSA to Defendant's counsel.

WHEREFORE, in light of the foregoing, Defendant prays this Honorable re-evaluate its ruling from the Bench regarding the pretrial detention of the Defendant and issue an Order directing the pretrial release of the Defendant pursuant to such terms of release as the Court deems appropriate in the circumstances.

KODNER WATKINS, LC

By: ___/s/ Albert S. Watkins_____
ALBERT S. WATKINS, LC DC#399625
7733 Forsyth Boulevard, Suite 600
Clayton, Missouri 63105
(314) 727-9111
(314) 727-9110 Facsimile
albertswatkins@kwklaw.net

## CERTIFICATE OF SERVICE

Signature above is also certification that on April 30, 2021 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court utilizing the CM/ECF system which will send notification of such filing to all parties of record.