**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Criminal No. 21-CR-00312-JEB** |
| | : | |
| **BRADLEY STUART BENNETT,** | : | |
| **ELIZABETH ROSE WILLIAMS,** | : | |
| | : | |
| **Defendants.** | : | |

**UNITED STATES' SECOND UNOPPOSED MOTION TO CONTINUE AND**
**TO EXCLUDE TIME UNDER THE SPEEDY TRIAL**
**ACT AND MOTION TO CONTINUE STATUS HEARING**

The United States of America hereby moves this Court for a 30-day continuance of the status conference set for July 23, 2021, and to exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv) from the date this Court enters an Order on this motion through and including the date of the next hearing. In support of its motion, the Government states as follows:

**FACTUAL BACKGROUND**

Defendants are charged by indictment with violations of 18 U.S.C. § 1752(a)(1) and (2) and 40 U.S.C. § 5104(e)(2)(D) and (G). Bennett is charged further with violating Title 18 U.S.C. §§ 1512(c)(2) and (2) and Title 40 U.S.C § 5104(e)(2)(B) that occurred at the United States Capitol on January 6, 2021. The Government seeks a continuance for the following reasons: (1) the parties continue to engage in ongoing plea negotiations and need a few more weeks to continue working; and (2) the United States continues to provide individualized discovery to Defendants as well as discovery generated from other sources.

Since our last status conference, the United States has continued to work with counsel for Defendants and engaged in plea negotiations.  Those negotiations have taken longer than anticipated, however, the parties believe that progress is being made and anticipate moving those discussions forward in the next 30-days.

As this Court well knows, the investigation and prosecution of the attack on the U.S. Capitol (hereinafter the Capitol Attack), will likely be one of the largest in American history, both in terms of the number of defendants prosecuted and the nature and volume of the evidence.  This investigation continues and the Government expects that additional individuals will be charged. As the Capitol Attack investigation is still on-going, the number of charged defendants and the volume of potentially discoverable materials will only continue to grow.  Nevertheless, the United States is aware of and takes seriously its obligations pursuant to Federal Rule of Criminal Procedure 16 and Local Criminal Rule 5.1(a), the provisions of *Brady v. Maryland*, 373 U.S. 83, 87 (1963), *Giglio v. United States*, 405 U.S. 150, 153-54 (1972), and the Jencks Act, 18 U.S.C. § 3500.  The Government has already provided defense counsel for Williams with over 270 items and defense counsel for Bennett with over 370 items of individualized discovery.  This is most of the discovery for these defendants.  However, the United States has some additional discovery that needs redactions before it can be disclosed and anticipates evidence from other charged defendants' devices, social media accounts, and other sources which has not yet been identified or examined.

## ARGUMENT

Section 3161(h) of the Speedy Trial Act sets forth certain periods of delay which the Court must exclude from the computation of time within which a trial must commence.  As is relevant

to this motion for a continuance, pursuant to subsection (h)(7)(A), the Court must exclude:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).  This provision further requires the Court to set forth its reasons for finding that that any ends-of-justice continuance is warranted.  *Id.*  Subsection (h)(7)(B) sets forth a non-exhaustive list factors that the Court must consider in determining whether to grant an ends-of-justice continuance, including:

> (i)    Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

> (ii)   Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
> . . .

> (iv)   Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv).  Importantly, "[i]n setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the importance of adequate pretrial preparation time." *Bloate v. United States*, 559 U.S. 196, 197 (2010) (*citing* §3161(h)(7)(B)(ii), (B)(iv)).  Finally, an interests of justice finding is within the discretion of the Court.  *See, e.g., United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985); *United States v.*

3

*Hernandez*, 862 F.2d 17, 24 n.3 (2d Cir. 1988).

In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv). As described above, the Capitol Attack is likely the most complex investigation ever prosecuted by the Department of Justice. Moreover, the investigation is reactive and ongoing. The need for reasonable time to organize, produce, and review voluminous discovery is among multiple pretrial preparation grounds that Courts of Appeals have routinely held sufficient to grant continuances and exclude the time under the Speedy Trial Act. *See, e.g., United States v. Bikundi*, 926 F.3d 761, 777-78 (D.C. Cir. 2019) (upholding ends-of-justice continuances totaling 18 months in two co-defendant health care fraud and money laundering conspiracy case, in part because the District Court found a need to "permit defense counsel and the government time to both produce discovery and review discovery"). Thus, due to the number of individuals currently charged across the Capitol Attack investigation and the nature of those charges, the on-going investigation of many other individuals, the volume and nature of potentially discoverable materials, and the reasonable time necessary for effective preparation by all parties taking into account the exercise of due diligence, the failure to grant such a continuance would be likely to make a continuation of this proceeding impossible, or result in a miscarriage of justice. Accordingly, the ends of justice served by granting a request for a continuance outweigh the best interest of the public and Defendant in a speedy trial.

Moreover, the parties continue to engage in plea negotiations and believe that progress is being made. Thus, the parties anticipate moving those discussions forward in the next 30-days.

Government counsel notified the defense of the filing of this motion, and both consent to the motion.

4

WHEREFORE, the Government respectfully requests that this Court grant the motion to continue the Status Hearing set for July 23, 2021, for an additional 30 days from the date this Court enters an Order on this motion through and including the date of the next hearing, and that the Court exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*., on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and Defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

Date: July 21, 2021                    Respectfully submitted,

                                       CHANNING D. PHILLIPS
                                       Acting United States Attorney
                                       DC Bar No. 415793


                                       By: /s/ Monica A. Stump
                                       Monica A. Stump
                                       Assistant United States Attorney
                                       PA Bar Number 90168
                                       District of Columbia
                                       Capitol Riot Detailee
                                       Nine Executive Drive
                                       Fairview Heights, Illinois 62208
                                       Telephone No. (618) 622-3860
                                       monica.stump@usdoj.gov

5