**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case no. 1:21-cr-312 |
| Plaintiff, ) | |
| ) | |
| v. ) | UNOPPOSED MOTION TO MODIFY |
| ) | CONDITIONS OF PRETRIAL RELEASE |
| Bradley Bennett, ) | |
| ) | |
| Defendant. ) | |

**<u>DEFENDANTS MOTION TO MODIFY CONDITIONS OF PRETRIAL RELEASE</u>**

COMES NOW the defendant, Brad Bennett, by and through undersigned counsel, pursuant to 18 U.S.C. §3142 and Rule 12 of the Federal Rules of Criminal Procedure, and hereby respectfully request that this honorable court to enter an order modifying his pretrial release conditions by suspending the requirement of that he be subject to Stand Alone Monitoring with GPS. In support of this motion the defendant states the following in support:

1. The defendant is on pretrial release and under the supervision of the U.S. Probation and Pretrial Services Office for the Middle District of North Carolina.

2. The defendant has consulted with Probation officer, Danielle Cooke, who has advised him to seek a court order to allow for termination of the Stand Alone Monitoring with GPS.

3. The defendant is fully compliant with the conditions of his release.

4. The defendant now seeks modification of this Court's order, specifically 7(p)(ii) and 7(q)(iii)(iv).

5. The defendant respectfully requests that the Court modify the conditions of his pretrial release by suspending the Stand Alone Monitoring with GPS requirement due to him being self-employed as a Wellness Coach. Mr. Bennett provides wellness coaching

approximately forty (40) plus hours a week. As a wellness coach, Mr. Bennett is required to travel through the Charlotte area where he completes face-to-face visits for health and wellness work. While on Stand Alone Monitoring, he is prohibited from working without restrictions.

6. The defendant is actively involved in Leadership Team Development through Raleigh, North Carolina. Prior to Stand Alone monitoring he provided weekly mentorship meetings.

7. The defendant has been prohibited from attending his church, Freedom House in Concord, North Carolina, where before Stand Alone Monitoring, he attended regularly.

8. The Conditions of Release to Stand Alone Monitoring do allow for the Defendant to leave home for employment and other activities; however, the Defendant is prohibited from helping his family members in High Point and High Rock Lake, North Carolina who are in needed of his assistance because of ongoing health and mobility issues.

9. The defendant has been prohibited from completing a home buying process because of his inability to travel to Charlotte, North Carolina.

10. The defendant is suffering from multiple health conditions such as ongoing dermatology needs, intestinal problems, and receiving psychological care all which require treatment that he has been unable to receive because of Stand Alone Monitoring.

KODNER WATKINS, LC


By: ___/s/ Albert S. Waktins_____
ALBERT S. WATKINS, LC DC#399625
1200 S. Big Bend Blvd.
St. Louis, MO 63117
(314) 727-9111
(314) 727-9110 Facsimile
across@kwklaw.net

## **CERTIFICATE OF SERVICE**

Signature above is also certification that on September 9th, 2021 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court utilizing the CM/ECF system which will send notification of such filing to all parties of record.