UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NO. 1:21-CR-00312-JEB

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRADLEY STUART BENNETT | MOTION TO DISMISS COUNT ONE OF THE INDICTMENT AND INCORPORATED MEMORANDUM OF LAW |

Defendant Bradley Stuart Bennett, by and through counsel, respectfully moves this Honorable Court pursuant to the Fifth Amendment for an order dismissing Count One of the Indictment. Count One should be dismissed as the product of selective prosecution, in violation of equal protection secured by the Due Process Clause. Count One constitutes the sole felony count of the six-count indictment against Mr. Bennett and his co-defendant, Elizabeth Rose Williams. Although Ms. Williams engaged in the same underlying conduct that forms the basis for Count One against Mr. Bennett, the government has chosen not to charge Ms. Williams in Count One. There is no difference between Mr. Bennett's and Ms. Williams's conduct. The only distinction between Mr. Bennett and Ms. Williams is gender. Because the government is prosecuting Mr. Bennett based on "an unjustifiable standard," Count One should be dismissed. *United States v. Armstrong*, 517 U.S. 456, 464 (1996). Alternatively, Mr. Bennett seeks to compel discovery related to his selective prosecution claim. In support of this motion, Mr. Bennett states as follows.

1

I.   STATEMENT OF THE CASE AND RELEVANT FACTS

On April 21, 2021, a federal grand jury returned a six-count indictment against Bradley Stuart Bennett and Elizabeth Rose Williams. Relevant here, Count One of the Indictment alleges that "[o]n or about January 6, 2021, within the District of Columbia and elsewhere, BRADLEY STUART BENNETT, attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, by entering and remaining in the United States Capitol without authority and engaging in disorderly and disruptive conduct," in violation of 18 U.S.C. § 1512(c)(2) and (2). Indictment, ECF-15. Count One is the sole felony count of the Indictment; the remaining five counts are misdemeanors. Mr. Bennett pled not guilty to all counts on April 29, 2021. *See* Minute Entry, Apr. 29, 2021; Arraignment Hr'g Tr. 5, ECF-32.

The indictment against Mr. Bennett and Ms. Williams stems from their presence at the Capitol on January 6, 2021. Discovery produced by the government shows that Mr. Bennett and Ms. Williams entered the Capitol at approximately 2:15 p.m. and left around 2:45 p.m. There is no allegation that Mr. Bennett or Ms. Williams forced their way into the Capitol or took part in any violence or destruction of property. Photos depict Mr. Bennett and Ms. Williams praying with others inside the Capitol and otherwise behaving peacefully.

On February 3, 2022, Ms. Williams pled guilty to Count Six, a misdemeanor, pursuant to a plea agreement with the government. *See* Plea Agreement, ECF-61. Count Six alleges that Ms. Williams and Mr. Bennett "willfully and knowingly

paraded, demonstrated, and picketed in any United States Capitol Building," in violation of 40 U.S.C. § 5104(e)(2)(G). Indictment, ECF-15. According to the government's Statement of Offense filed in support of the plea agreement, Ms. Williams "[p]articipat[ed] in the January 6, 2021, Capitol Riot" as follows:

> 8.   Defendant, Elizabeth Rose Williams, who lives in Kerrville, Texas, traveled to Washington, D.C. prior to January 6, 2021, with her then boyfriend, codefendant Bradley Stuart Bennett. Williams entered the restricted area of the U.S. Capitol Grounds in the early afternoon of January 6, 2021. After the crowd breached the entrances to the U.S. Capitol, Williams made her way up to the west side of the U.S. Capitol building and entered the building, around 2:15 pm, through the Senate Wing door as alarms sounded.
>
> 9.   Williams knew at the time she entered the U.S. Capitol Building with codefendant Bennett that neither she nor Bennett had permission to enter the building and Williams paraded, demonstrated, or picketed within the U.S. Capitol building with Bennett.
>
> 10.   A few minutes after entering the building, Defendant Williams and codefendant Bennett entered the Crypt. Bennett and Williams made their way further into the building; specifically, they walked up to the second floor into the Rotunda, past a large crowd gathered at the East Rotunda Door and up to the third floor. Williams and Bennett left the building a short time thereafter around 2:45 P.M.

Statement of Offense 3-4, ECF-62.

Mr. Bennett's trial is currently scheduled for October 16, 2023. He now moves to dismiss Count One. Alternatively, he seeks discovery related to his claim of selective prosecution.

## II. ARGUMENT

### A. Equal protection prohibits selective prosecution.

A selective prosecution claim is an "assertion that the prosecutor had brought the charge for reasons forbidden by the Constitution." *United States v. Armstrong*, 517

3

U.S. 456, 463 (1996). "[A]lthough prosecutorial discretion is broad, it is not 'unfettered. Selectivity in the enforcement of criminal laws is . . . subject to constitutional constraints.'" *Wayte v. United States*, 470 U.S. 598, 608 (1985) (quoting *United States v. Batchelder*, 442 U.S. 114, 125 (1979)). Specifically, equal protection forbids basing the decision to prosecute "on an unjustifiable standard such as race, religion or other arbitrary classification." *Armstrong*, 517 U.S. at 464; *accord Whren v. United States*, 517 U.S. 806, 813 (1996) (noting that equal protection "prohibits selective enforcement of the law based on considerations such as race").

To establish a selective prosecution claim, a defendant must show that (1) he was "singled out for prosecution from among others similarly situated and (2) that [his] prosecution was improperly motivated, i.e., based on race, religion or another arbitrary classification." *United States v. Washington*, 705 F.2d 489, 494 (D.C. Cir. 1983); *see also Armstrong*, 517 U.S. at 457 (defendant must show the challenged prosecution "ha[s] a discriminatory effect and that it was motivated by a discriminatory purpose"). To obtain discovery, the defendant must put forth "some evidence tending to show the existence of the essential elements" of a selective prosecution claim. *Armstrong*, 517 U.S. at 468-69.

"A similarly situated offender is one outside the protected class who has committed roughly the same crime under roughly the same circumstances but against whom the law has not been enforced." *United States v. Lewis*, 517 F.3d 20, 27 (1st Cir. 2008) (citing *Armstrong*, 517 U.S. at 469). In considering whether persons are similarly situated for equal protection purposes, a court must examine "all relevant factors,"

including relative culpability, the strength of the case against particular defendants, willingness to cooperate, and the potential impact of a prosecution on related investigations. *United States v. Olvis*, 97 F.3d 739, 744 (4th Cir. 1996); *accord United States v. Hastings*, 126 F.3d 310, 315 (4th Cir. 1997) (quoting *Olvis*, 97 F.3d at 744) ("[D]efendants are similarly situated when their circumstances present no distinguishable legitimate prosecutorial factors that might justify making different prosecutorial decisions with respect to them."), *cited with approval in Branch Ministries v. Rossotti*, 211 F.3d 137, 145 (D.C. Cir. 2000)).

### B. The government is selectively prosecuting Mr. Bennett in Count One.

Mr. Bennett states a claim for selective prosecution. Count One, the sole felony count of the Indictment against Mr. Bennett and Ms. Williams, alleges that Mr. Bennett "corruptly" obstructed an official proceeding "by entering and remaining in the United States Capitol without authority and engaging in disorderly and disruptive conduct." Indictment, ECF-15. But Mr. Bennett and Ms. Williams engaged in the same conduct—they entered the Capitol on January 6, 2021, peacefully walked around inside for approximately thirty minutes, then left. To the extent this behavior supports an obstruction charge against Mr. Bennett, it equally supports the same charge against Ms. Williams.[1] Unlike other January 6th defendants whose selective prosecution motions have been rejected, Mr. Bennett does not attempt to compare himself to those who participated in the Portland protests. *See, e.g., United States v. Brock*, 628 F. Supp. 3d 85 (D.D.C. 2022); *United States v. Judd*, 579 F. Supp. 3d 1

---

[1] To be clear, Mr. Bennett denies he engaged in "disorderly and disruptive conduct" or

5

(D.D.C. 2021). Instead, Mr. Bennett compares himself to his co-defendant, Ms. Williams, who "committed roughly the same crime under roughly the same circumstances but against whom the law has not been enforced." *Lewis*, 517 F.3d at 27. Because Mr. Bennett's and Ms. Williams's "circumstances present no distinguishable legitimate prosecutorial factors that might justify making different prosecutorial decisions with respect to them," *Olvis*, 97 F.3d at 744, Mr. Bennett states a claim for selective prosecution. This Court should therefore dismiss Count One. At the very least, this Court should compel discovery related to Mr. Bennett's selective prosecution claim.

### III.   CONCLUSION

WHEREFORE, Mr. Bennett respectfully requests the Court dismiss Count One of the Indictment. Alternatively, Mr. Bennett requests an order compelling discovery on the issue of selective enforcement.

Respectfully requested this 13th day of August, 2023.

                             G. ALAN DUBOIS
                             Federal Public Defender

                             */s/ Leza Lee Driscoll*
                             LEZA LEE DRISCOLL
                             Assistant Federal Public Defender
                             Attorney for Defendant
                             Office of the Federal Public Defender
                             150 Fayetteville Street, Suite 450
                             Raleigh, North Carolina 27601
                             Telephone: 919-856-4236
                             Fax: 919-856-4477
                             E-mail: Leza_Driscoll@fd.org

---

that he did so "corruptly."

        Appointed Counsel

        */s/ Rosemary Godwin*
        ROSEMARY GODWIN
        Assistant Federal Public Defender
        Attorney for Defendant
        Office of the Federal Public Defender
        150 Fayetteville Street, Suite 450
        Raleigh, North Carolina 27601
        Telephone: 919-856-4236
        Fax: 919-856-4477
        E-mail: Rosemary_Godwin@fd.org
        Appointed Counsel

        */s/ Michael McDonald*
        MICHAEL MCDONALD
        Assistant Federal Public Defender
        Attorney for Defendant
        Office of the Federal Public Defender
        150 Fayetteville Street, Suite 450
        Raleigh, North Carolina 27601
        Telephone: 919-856-4236
        Fax: 919-856-4477
        E-mail: Michael_McDonald@fd.org
        Appointed Counsel

*CERTIFICATE OF SERVICE*

I HEREBY CERTIFY that a copy of the foregoing was served upon:

| | |
|---|---|
| NIALAH S. FERRER | SEAN P. MURPHY |
| Assistant United States Attorney | Assistant United States Attorney |
| United States Attorney's Office | United States Attorney's Office |
| Criminal Division | District of Puerto Rico |
| 601 D Street NW | Torre Chardon, Suite 1201 |
| Suite 6-1301 | 350 Carlos Chardon Avenue |
| Washington, DC 20530 | San Juan, PR 00918 |

by electronically filing the foregoing with the Clerk of Court on August 13, 2023, using the CM/ECF system which will send notification of such filing to the above.

    This the 13th day of August, 2023.

                                        */s/ Leza Lee Driscoll*
                                        LEZA LEE DRISCOLL
                                        Assistant Federal Public Defender