IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NO.: 1:21-CR-00312-JEB

UNITED STATES,

v.

BRADLEY STUART BENNETT,
    Defendant.

MOTION IN LIMINE

NOW COMES DEFENDANT, BRADLEY STUART BENNETT, through undersigned counsel, and moves this honorable Court pursuant to The Federal Rules of Evidence 402 and/or 403, to exclude the below listed evidence because the evidence is not relevant and even if such evidence is relevant under Rule 402, such evidence is more prejudicial, confusing of issues and wasting of time than probative. The evidence to be excluded includes:

A.  The cumulative use of photographic and/or video evidence of the events that occurred in and around the United States Capitol on January 6, 2020 that do not include Defendant (herein collectively "background video evidence").

B.  Defendant's Social Media, Blogs, and other Public Postings after January 6, 2020.

C.  Evidence of Mr. Bennett's financial status before, during, and after January 6, 2020.

D.  Evidence of gun ownership or attempted gun ownership.

E.  Any evidence the Government and its team had that labeled Defendant a domestic terrorist (Herein "Government Label").

F.  Evidence of the attempts by the Government to locate Defendant prior to his self-surrender and circumstances of his self-surrender.

## Statement of Facts

The instant case arose during the unprecedented events of January 6, 2021, at the United States Capitol. The Defendant, an active blogger, and social media participant, is alleged to have entered the US Capitol without authority- walking through the Capitol Crypt, and entering the gallery of the Senate Chamber.  On March 19, 2021, a Sealed Complaint was filed against Defendant and a notice went out to all law enforcement agencies alleging Defendant was a "POSSIBLE TERRORIST ORGANIZATION MEMBER - CAUTION" and "DO NOT ADVISE THIS INDIVIDUAL THAT THEY MAY BE ON A TERRORIST WATCHLIST." On March 23, 2021, agents attempted to arrest Defendant in Kerrville, Texas, where he had previously been living.  Defendant, however, had moved from Texas on March 14,2021.

On March 25, 2021, pursuant to a search warrant, agents began tracking Defendant's cellular device, but the information received did not include precision location information.  The Government has previously alleged (D. E. 18), he stopped the location information because Defendant

had stopped using his cellular network to communicate, opting instead to use Wi Fi connections, had turned off his phone, and/or kept the phone in airplane mode. Agents determined Defendant was in the Charlotte, North Carolina area, usually in fast-food or business areas with free Wi Fi. Defendant admitted to agents on March 29, 2021, he was aware of his Co-Defendant and previous girlfriend's arrest. However, his Co-Defendant was not held in custody and was immediately released. Agents contacted several of Defendant's contacts.  One individual advised that on March 29, 2021, Defendant reported that his codefendant had been arrested by the FBI. Defendant reported that they (the FBI) were probably looking for him next and Defendant was laying low.  Defendant advised that he could not stay on the phone long because he assumed the FBI was looking for him. Defendant advised he had started using the encrypted social messaging app, Telegram, to communicate because of "all the stuff they got going on the national level."  Two days later, an FBI agent left a voice message and sent a text message to Defendant, advising him about the arrest warrant and his need to surrender. Defendant spent the next several days attempting to secure legal counsel surrendered twelve days later.

After Defendant and his Co-Defendant, Williams, were arrested, Ms. Williams eventually worked out a plea agreement with the Government.  She has submitted to multiple interviews with agents.  In one interview, she described Defendant as "manipulative" in that he did not want Williams to

disclose he was unable to pay his rent.  Williams also disclosed that her father gave Defendant a "300 Wind Mag firearm."  It is anticipated Ms. Williams will testify at Defendant's trial currently set for October 16, 2023.

## Background Video Evidence

The events of January 6, 2020, at the United States Capitol are, simply stated, disgraceful.  However, not every protestor acted the same nor should they be treated as such.  Repeated video evidence of other protestors actions on January 6, 2021 in a trial against Defendant should not be allowed.  Such anecdotal background evidence is highly prejudicial, inflammatory and has limited if any probative value.  In *U.S. v. Kilmartin*, 944 F.3d 315, 335-338 (1St Cir. 2019), the appellant court found the district court had abused its discretion by failing to exclude anecdotal background evidence under Rule 403, because, "this barrage of emotionally laden testimony" had virtually no probative value" and "had the capacity to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged."

There are other ways to lay a foundation of the overall events of January 6, 2021, such as having an agent describe the events from the witness stand rather than video evidence.  As the United Supreme Court has ruled, assessment of probative value under Rule 403 requires an assessment of evidentiary alternatives and should not be made on the  basis

of Rule 401. *Old Chief v. U.S.*, 519 U.S. 172, 184, 117 S. Ct. 644, 136 L. Ed.

2d 574 (1997). Hence, the background video evidence should not be allowed.

<u>**Social Media, Blog and other Public Postings After January 6, 2020,
Financial Status, Gun Ownership, Government's Labels and
Financial Status Are Not Relevant to Crimes Charged**</u>

Defendant is charged with obstruction of an official proceeding and

aiding and abetting in violation of 18 U.S.C. §1512 (c)(2); entering and

remaining in a restricted building or ground in violation of 18 U.S.C. §1752

(a)(1); disorderly and disruptive conduct in a restricted building in violation

of 18 U.S.C. §1752 (a)(2); disorderly conduct in a Capitol building in violation

of 40 U.S.C. §5104 (e)(2)(D); and parading, demonstrating, or picketing in a

Capitol building in violation of 40 U.S.C. §5104 (e)(2)(G). The political and

personal views of the Defendant after the offense conduct concluded is not

relevant nor is any Government label of Defendant.  Further, any evidence of

gun ownership or attempted gun possession separate and apart from January

6, 2021, (and none has been alleged), is also irrelevant.  Finally, evidence of

Defendant's financial status at any time is irrelevant as he is not charged

with a financial offense.

<u>**Attempts to Locate Defendant**</u>

The Government's attempt to locate the Defendant does not show

attempted flight as Defendant ***did*** voluntarily surrender to agents.  However,

should the Court disagree, Defendant requests an instruction that gives a full

explanation of the variety of motives and feelings that might prompt a person

to flee, *Austin v. United States*, 414 F.2d 1155, 1157-58 (D.C. Cir. 1969).

Further, a flight instruction is "incomplete" if it fails to state that flight may

be motivated by factors that are fully consistent with innocence. *Woody v.*

*United States,* 369 A.2d 592, 594 (D.C.1977). Accordingly, evidence of any

perceived flight should not be permitted but if permitted should include a

limiting instruction.

<u>**Conclusion**</u>

For the above stated reasons, this Court should exclude the above

listed evidence.

Respectfully submitted the 13th of August, 2023.

G. ALAN DUBOIS
Federal Public Defender

<u>**/s/ Leza Lee Driscoll**</u>
LEZA LEE DRISCOLL
Assistant Federal Public Defender
Attorney for Defendant
Office of the Federal Public Defender
150 Fayetteville Street, Suite 450
Raleigh, North Carolina 27601
Telephone: 919-856-4236
Fax: 919-856-4477
E-mail: Leza_Driscoll@fd.org
Appointed Counsel

<u>**/s/ Rosemary Godwin**</u>
ROSEMARY GODWIN
Assistant Federal Public Defender
Attorney for Defendant
Office of the Federal Public Defender
150 Fayetteville Street, Suite 450
Raleigh, North Carolina 27601

Telephone: 919-856-4236
Fax: 919-856-4477
E-mail: Rosemary_Godwin@fd.org
Appointed Counsel

*/s/ Michael McDonald*
MICHAEL MCDONALD
Assistant Federal Public Defender
Attorney for Defendant
Office of the Federal Public Defender
150 Fayetteville Street, Suite 450
Raleigh, North Carolina 27601
Telephone: 919-856-4236
Fax: 919-856-4477
E-mail: Michael_McDonald@fd.org
Appointed Counsel

*CERTIFICATE OF SERVICE*

I HEREBY CERTIFY that a copy of the foregoing was served upon:

| | |
|---|---|
| NIALAH S. FERRER | SEAN P. MURPHY |
| Assistant United States Attorney Attorney | Assistant United States |
| United States Attorney's Office | United States Attorney's Office |
| Criminal Division | District of Puerto Rico |
| 601 D Street NW | Torre Chardon, Suite 1201 |
| Suite 6-1301 | 350 Carlos Chardon Avenue |
| Washington, DC 20530 | San Juan, PR 00918 |

by electronically filing the foregoing with the Clerk of Court on August 13, 2023, using the CM/ECF system which will send notification of such filing to the above.

This the 13th day of August, 2023.

*/s/ Leza Lee Driscoll*
LEZA LEE DRISCOLL
Assistant Federal Public Defender