UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| | : |
| v. | : Case No. 21-CR-312 (JEB) |
| | : |
| BRADLEY STUART BENNETT, | : |
| | : |
| Defendant. | : |

**UNITED STATES' RESPONSE TO DEFENDANT'S
NOTICE OF INTENT TO PRESENT HEARSAY EVIDENCE**

Defendant Bradley Bennett has filed a notice stating that he may seek to admit statements his co-defendant Elizabeth Williams made when interviewed by law enforcement. *Def. Notice*, ECF No. 100. The notice, however, fails to specifically identify what statements Bennett seeks to introduce, despite acknowledging receiving reports of these interviews in discovery. But the definition of "statement" is narrow—the word "statement" means "a single declaration or remark," rather than a "report or narrative." *Williamson v. United States*, 512 U.S. 594, 599 (1994). Without knowing the contents of the statements Bennett seeks to introduce, neither the Court nor the Government can evaluate admissibility. To this end, the Government requests that the Court exclude any hearsay statements by Williams unless Bennett provides the required notice and the Court finds, after evaluating the precise remarks he seeks to introduce, that they fall within a hearsay exception.

The party seeking to introduce hearsay evidence bears the burden of establishing that the evidence falls within a hearsay exception. *United States v. Hsia*, 87 F. Supp. 2d 10, 13 (D.C. Cir. 2000). In Bennett's notice, he asserts that Williams's statements will be admissible under Rule 804(b)(3) and Rule 807 of the Federal Rules of Evidence. Under both rules, Bennett must demonstrate that: (1) the witness is unavailable, and (2) that he made reasonable efforts to obtain

the presence of the witness for trial. *Id.* at 14, 16.  Assuming, as Bennett does, that he subpoenas Williams and that she invokes the Fifth Amendment and refuses to testify, the Government agrees that these two elements are satisfied. *Id.* ("The declarant must be genuinely unavailable to testify despite the proponent's good faith efforts to obtain the witness's presence at trial."); *United States v. Salerno*, 505 U.S. 317, 321 (1992) (witness was unavailable after asserting privilege).

To establish that evidence is admissible under Rule 804(b)(3), Bennett must also demonstrate "that at the time it was made the statement was so far contrary to the declarant's pecuniary or proprietary interests, or so far tended to subject the declarant to civil or criminal liability that a reasonable person in the declarant's position would not have made the statement unless believing it to be true." *Hsia*, 87 F. Supp. 2d, at 13.  Only specific remarks that are "truly self-inculpatory" are admissible. *Williamson*, 512 U.S. at 604.  To determine whether a statement is admissible under Rule 804(b)(3) the Court must determine the separate admissibility of each "single declaration or remark." *Id.*  The exercise is "a fact-intensive inquiry" that requires "careful examination of all the circumstances surrounding the criminal activity involved." *Id.* at 603-604 (evaluating admission of evidence under 804(b)(3) and remanding where "[n]othing in the record shows that the District Court…inquired whether each of the statements in [the co-defendant's] confession was truly self-inculpatory").  Parts of a confession that implicate a co-defendant but do little to subject the declarant to criminal liability are inadmissible. *Id.* at 604.  Ultimately, to determine whether a statement is admissible under Rule 804(b)(3), the Court needs to know its content to evaluate whether that remark is "truly self-inculpatory."

Bennett also seeks to introduce statements under the residual hearsay exception, Rule 807. To establish that evidence is admissible under Rule 807 Bennett must demonstrate that: (1) the statement is offered as evidence of a material fact, (2) that the statement is more probative on the

point for which it is offered than any other evidence that the proponent can procure through reasonable efforts, (3) that the hearsay statement has circumstantial guarantees of trustworthiness, and (4) that the interests of justice would be best served by admission of the statement. *Hsia*, 87 F. Supp. 2d, at 16. The Rule also requires Bennett to provide notice of the "substance" of the statement sufficiently in advance of trial. F.R.E. 807(b).

Rule 807 is "extremely narrow" and applies "only in the most exceptional circumstances." *United States v. Slatten*, 865 F.3d 767, 807 (D.C. Cir. 2017) (internal quotation marks omitted). "A court must be confident that the declarant's truthfulness is so clear from the surrounding circumstances that the test of cross-examination would be of marginal utility." *Bortell v. Eli Lilly and Co.*, 406 F. Supp. 2d 1, 9 (D.D.C. 2005) (internal quotation marks and alterations omitted). Although *Williamson* defined the term "statement" in the context of Rule 804(b)(3), the definition must extend to other hearsay exceptions as well as "there is an overarching and uniform definition of 'statement' applicable under all of the hearsay rules." *United States v. Canan*, 48 F.3d 954, 960 (6th Cir. 1995). Indeed, it "would make little sense for the same defined term to have disparate meanings throughout the various subdivisions of the hearsay rules." *Id.* As such, Bennett bears "a heavy burden to come forward with indicia" of materiality, trustworthiness, and probative force as to each remark he seeks to introduce. *See*, *Bortell*, at 9 (internal quotation marks omitted). And without knowing the contents of the remark, the Court cannot evaluate whether Bennett has met this burden.

                                        Respectfully submitted,

                                        MATTHEW M. GRAVES
                                        UNITED STATES ATTORNEY
                                        D.C. Bar No. 481052

DATED: September 1, 2023       By:    <u>/s/ Anna Z. Krasinski</u>
                                        ANNA Z. KRASINSKI
                                        Assistant United States Attorney
                                        New Hampshire Bar No. 276778
                                        United States Attorney's Office
                                        Detailed from the District of New Hampshire
                                        (202) 809-2058
                                        anna.krasinski@usdoj.gov

                                        NIALAH S. FERRER
                                        Assistant United States Attorney
                                        New York Bar No. 5748462
                                        United States Attorney's Office
                                        District of Columbia
                                        (202) 557-1490
                                        nialah.ferrer@usdoj.gov