UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Case No. 21-CR-312 (JEB) |
| | : |
| BRADLEY STUART BENNETT, | : |
| | : |
| Defendant. | : |

**UNITED STATES' SUR-REPLY TO DEFENDANT'S
NOTICE OF INTENT TO PRESENT HEARSAY EVIDENCE**

**I.    A Witness is Not "Unavailable" Under Rule 804(a) Simply Because the Government Elects Not to Call that Person as a Witness.**

Defendant Bradley Bennett makes a misstatement of law in his reply in support of his notice of intent to present hearsay evidence: he claims that co-defendant Williams would be "unavailable" under Rules 804 "[s]hould the government elect not to present [her] as a witness." *Reply*, ECF No. 128, at 2.  This is wrong.

To establish that a declarant is unavailable under Rule 804(a), Bennett must meet a "relatively high" standard of showing "a good faith effort to procure the witness's attendance." *United States v. Weekes*, 611 F.3d 68, 71 (1st Cir. 2010) (Souter, J., sitting by designation); Fed. R. Crim. P. 804(a)(5)(B) (stating that a declarant is unavailable if the statement's proponent "has not been able, by process or reasonable means, to procure…the declarant's attendance or testimony.").  Bennett may subpoena witnesses, including Williams, and compel their appearance at trial.  But he cannot rely on the Government to call a witness he hopes to question—and if the Government elects not to, that witness is not then "unavailable" under Rule 804.  Bennett has provided no indication that Williams would fail to appear if commanded to by a trial subpoena; to the contrary, he reports he "is making reasonable efforts to secure [her

testimony] by subpoena." ECF 128 at 3. She will likely not be unavailable under Rule 804(a)(5).

It is also unlikely that Bennett can meet his burden of demonstrating that Williams is unavailable within the meaning of Rule 804(a)(1). The Government has conferred with Williams's counsel; based on those discussions, it appears unlikely Williams will assert a privilege that restricts her testimony.

## II.   The Narratives Bennett Identified in his Reply Brief are Inadmissible under Both Rule 804(b)(3) or Rule 807.

Even if Bennett could establish Williams's unavailability, the statements[1] he has identified would not be admissible under the strict requirements of either Rule 804(b)(3) or Rule 807. First, Williams's out-of-court statements about Bennett's motive or intent are inadmissible—she lacks foundation to describe Bennett's intent. But Bennett seeks to introduce just such inadmissible statements, like: "Bennett most likely did not have a plan to stop the vote certification process." If testifying, Williams would not be permitted to testify about what was in Bennett's mind or what he was "most likely" thinking. Reports containing her beliefs about Bennett's intent, motive, and thoughts are likewise inadmissible.

Second, many of the statements are irrelevant. Williams's statement that she "had no intent to stop the course of the proceedings" has no bearing on Bennett's state of mind. Similarly, her statement that Bennett "never exhibited violent tendencies" is of no moment. He is not charged with committing acts of physical violence.

---

[1] Though they appear to be block quotes, the statements Bennett identifies in his reply are compiled from various quotes throughout each report. Should the Court find that any of these statements are admissible, the Government may seek to have additional portions admitted under Rule 106 of the Federal Rules of Evidence.

Focusing on Rule 804(b)(3), almost none of the statements are "truly self-inculpatory" as required under the rule. *Williamson v. United States*, 512 U.S. 594, 604 (1994). The few that are, like "They saw others going in so went in," contain foundation issues as Williams cannot testify about what Bennett saw.

Turning to Rule 807, Bennett faces an additional hurdle—he cannot demonstrate that these statements are more probative on the point for which they are offered than any other evidence that he can procure through reasonable efforts. *United States v. Hsia*, 87 F. Supp. 2d 10, 16 (D.C. Cir. 2000). Bennett can point to a mountain of video evidence to argue that law enforcement officers did not communicate that they were not supposed to be there. Similarly, if Bennett's postings from the Battleborn.live website are introduced, the contents of those postings are more probative of the purpose of the posts than Williams's interpretation of them. More important, Bennett—whose intent and motive is at issue—is available to testify. "In fact, it would seem that [he] could offer more specific testimony than that contained in the proffered hearsay statement." *United States v. Manfredi*, No. 07-cr-352, 2009 WL 3823230, at *4 (W.D. Pa. Nov. 13, 2009) (finding that hearsay statement was not more probative on the point for which it is offered because defendants were available to testify regarding that point). Bennett, of course, is free to decide whether he will testify or remain silent at trial. But "the Court has long recognized that the defendant's decision to testify or remain silent *always* imposes costs." *United States v. Libby*, 475 F. Supp. 2d 73, 93 (D.C. Cir. 2007) (emphasis in original). As the D.C. Circuit has explained, "a defendant's choice to testify inevitably presents the possibility of a devastating cross-examination, while declining to testify may mean that the accused gives up the chance to put the most probative evidence in his favor before the jury." *Id.* If Bennett chooses to remain silent, that choice does not render Williams's beliefs about Bennett's motive

and intent—which she lacks foundation to testify to—admissible, even if her beliefs are exculpatory as to Bennett. *See, id.* at 93-95 (upholding district court's exclusion of evidence where defendant elected to remain silent and defense could not lay an adequate foundation for the evidence without the defendant's testimony).

The three narratives that Bennett seeks to introduce are inadmissible and should be excluded, even if Williams is unavailable to testify.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

DATED: September 19, 2023     By:     /s/ Anna Z. Krasinski
ANNA Z. KRASINSKI
Assistant United States Attorney
New Hampshire Bar No. 276778
United States Attorney's Office
Detailed from the District of New Hampshire
(202) 809-2058
anna.krasinski@usdoj.gov

NIALAH S. FERRER
Assistant United States Attorney
New York Bar No. 5748462
United States Attorney's Office
District of Columbia
(202) 557-1490
nialah.ferrer@usdoj.gov