UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRADLEY STUART BENNETT,<br><br>Defendant. | Criminal Action No. 21-312 (JEB) |

### MEMORANDUM OPINION

Defendant Bradley Stuart Bennett faces a six-count Indictment for his participation in the January 6, 2021, insurrection at the U.S. Capitol. In Count I, the sole felony count, the Government charges him with Obstruction of an Official Proceeding, in violation of 18 U.S.C. § 1512(c)(2). See ECF No. 122 (Superseding Indictment) at 1. Defendant has now filed a Motion to Dismiss, in which he contends that Count I violates the constitutional prohibition on selective prosecution. See ECF No. 97 (Mot. to Dismiss) at 1. Alternatively, he seeks to compel discovery related to his selective-prosecution challenge. Id. Because the Court is unpersuaded by Bennett's arguments, it will deny the Motion.

**I.      Background**

On January 6, 2021, a Joint Session of the United States Congress convened at the Capitol to certify the vote of the Electoral College of the 2020 Presidential Election. While the certification process was underway, a large crowd, including Bennett and his female co-defendant, Elizabeth Williams, passed through restricted grounds and entered the Capitol building.

1

On April 21, 2021, Bennett and Williams were indicted by a grand jury on four misdemeanor counts related to their conduct: Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1) (Count II); Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2) (Count III); Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D) (Count V); and Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G) (Count VI). See ECF No. 15 (Indictment). Bennett (but not Williams) was also indicted on an additional misdemeanor — Entering and Remaining in the Gallery of Congress, in violation of 40 U.S.C. § 5104(e)(2)(B) (Count IV) — and one felony — Obstruction of an Official Proceeding, in violation of 18 U.S.C. § 1512(c)(2) (Count I). Id. Williams has pled guilty to the charge of Parading, Demonstrating, or Picketing in a Capitol Building and awaits sentencing. See Minute Entry of Feb. 3, 2022; ECF No. 61 (Plea Agreement). Bennett, conversely, has pled not guilty to all counts, and a Superseding Indictment has now been filed against him alone, although the six counts remain the same. See Minute Entry of Sept. 29, 2023; Superseding Indictment. He now seeks dismissal of the selective-prosecution count.

**II.     Legal Standard**

Prior to trial, a defendant may move to dismiss an indictment (or specific counts) on the basis that there is a "defect in the indictment," including a "failure to state an offense." Fed. R. Crim P. 12(b)(3)(B)(v). "The operative question is whether the allegations, if proven, would be sufficient to permit" the factfinder to conclude that the defendant committed the criminal offense as charged. See United States v. Sanford, Ltd., 859 F. Supp. 2d 102, 107 (D.D.C. 2012); United States v. Bowdoin, 770 F. Supp. 2d 142, 146 (D.D.C. 2011). "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge

2

against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. 87, 117 (1974).

**III.   Analysis**

In moving to dismiss the felony Obstruction charge, Bennett contends that he is being selectively prosecuted. The Court separately addresses this argument and his request for discovery.

    A.   Selective-Prosecution Challenge

A selective-prosecution challenge is an "assertion that the prosecutor has brought [a] charge for reasons forbidden by the Constitution." United States v. Armstrong, 517 U.S. 456, 463 (1996). Although "the Government retains broad discretion as to whom to prosecute," because such charging decisions are generally "ill-suited to judicial review," this kind of challenge nonetheless serves as a check on that "broad, [but] not unfettered" discretion. Wayte v. United States, 470 U.S. 598, 607-08 (1985) (cleaned up).

The standard is "demanding," and a defendant must present "clear evidence" of prosecutorial misconduct. Armstrong, 517 U.S. at 463–64 (citation omitted). Specifically, he must show that the prosecutor's decision "had a discriminatory effect and that it was motivated by a discriminatory purpose." Id. at 465 (quoting Wayte, 470 U.S. at 608). To establish discriminatory "effect, a defendant must show that the Government afforded 'different treatment' to persons 'similarly situated' to him." United States v. Judd, 579 F. Supp. 3d 1, 4 (D.D.C. 2021) (quoting Armstrong, 517 U.S. at 470). To establish that the prosecution was motivated by a discriminatory purpose, a defendant must demonstrate that the Government singled him out for prosecution based on an impermissible reason such as "race, religion, or other arbitrary classification, including the exercise of protected statutory and constitutional rights." Wayte,

470 U.S. at 608 (cleaned up); see also United States v. Blackley, 986 F. Supp. 616, 620 (D.D.C. 1997) (referring to gender as one such classification).

### 1. *Discriminatory Effect*

In considering discriminatory effect, our Circuit interprets the phrase "similarly situated" narrowly: defendants are similarly situated only when their "circumstances 'present no distinguishable legitimate prosecutorial factors that might justify' different prosecutorial decisions between" them. Judd, 579 F. Supp. 3d at 4 (quoting Branch Ministries v. Rossotti, 211 F.3d 137, 145 (D.C. Cir. 2000)). Courts "must examine all relevant factors, including relative culpability, the strength of the case against particular defendants, willingness to cooperate, and the potential impact of a prosecution on related investigations." United States v. Khanu, 664 F. Supp. 2d 28, 32 (D.D.C. 2009).

Bennett alleges that he was selectively prosecuted because although he and "Williams engaged in the same conduct — they entered [restricted Capitol grounds] on January 6, 2021, . . . walked around inside for approximately thirty minutes, then left" — the Government charged only him with Obstruction. See Mot. to Dismiss at 5. He argues that there is "no difference" between their conduct and that their "circumstances present no distinguishable legitimate prosecutorial factors that might justify making different prosecutorial decisions with respect to them." Id. at 1, 6 (citation omitted). According to Bennett, the only distinction between him and Williams is their gender. Id. at 1.

He is mistaken. It is true that both unlawfully entered the Capitol grounds together; however, "Bennett [made] numerous posts encouraging people to gather and attend events in Washington, D.C. on January 6, 2021." ECF No. 1–1 (Statement of Facts) at 2. He also "referenced 'patriots [going] to war,' and indicated that he had stormed the U.S. Capitol." Id.

4

Such statements bear on his "corrupt[]" intent, see 18 U.S.C. § 1512(c), and thus increase the "strength of the case against" him. See Khanu, 664 F. Supp. 2d at 32. Further, unlike Bennett, Williams showed a "willingness to cooperate" and did not destroy evidence or attempt to evade arrest. Id.; see also ECF No. 111 (Gov't Opp.) at 9, 14. "Bennett appeared to have deleted most or all of the posts he made about the Riot within 24 hours of the event." Statement of Facts at 2. He also threw his iPhone out of a car window while he was on his way to the courthouse for his initial appearance. See Gov't. Opp. at 14. What is more, Bennett knew that the FBI had a warrant for his arrest yet hid and "took steps to evade detection . . . for weeks." Id. Given these distinctions, the Court finds that Bennett and Williams are not similarly situated. Absent such a showing, Defendant's selective-prosecution challenge fails.

    2. *Discriminatory Purpose*

There is an independent reason why Bennett does not succeed on his Motion: he cannot prove that his prosecution was motivated by a discriminatory purpose. To prevail, Defendant must show that "the Government prosecuted [him] 'because of' his membership in an identifiable group." Judd, 579 F. Supp. 3d at 4 (quoting Wayte, 470 U.S. at 610). Bennett claims here that the Government charged him differently because of his gender. See Mot. to Dismiss at 1. He proffers no evidence to support this claim, however, only mere speculation of the Government's improper motivation. See Judd, 579 F. Supp. 3d at 5 ("[A] defendant [cannot] rely on personal conclusions based on anecdotal evidence.") (internal quotations omitted); United States v. Stone, 394 F. Supp. 3d 1, 36 (D.D.C. 2019) ("[I]t is not enough to simply state that the prosecutor was biased. Defendant must show that in his case, the decisionmaker acted with a discriminatory purpose.").

The Government, by contrast, explains that the reason it sought a felony charge against Bennett was because it had evidence that "in unlawfully entering the Capitol on January 6, 2021, Bennett's intent was to obstruct the certification of the 2020 Presidential election results." Gov't Opp. at 1–2. He made statements that support that intent. See Section III.A.1, *supra*. In addition, the Government provides evidence of numerous examples where it has charged other women with felony Obstruction based on their conduct on January 6. See Gov't Opp. at 14–15. All of this is enough to overpower Bennett's unsupported accusation that the Government's decision was based on gender.

### B. Compelling Discovery

Defendant alternatively seeks to compel discovery related to his selective-prosecution challenge. The rigorous standard for a selective-prosecution challenge "require[s] a correspondingly rigorous standard for discovery in aid of such a" challenge. Armstrong, 517 U.S. at 468; cf. United States v. Hopkins, 2012 WL 13059701, at *5 (D.D.C. Sept. 12, 2012) (explaining that courts do not permit defendants to use "federal discovery for fishing expeditions to investigate mere speculation") (quoting Calderon v. U.S. Dist. Court, 98 F.3d 1102, 1106 (9th Cir. 1996)). To overcome this "rigorous standard," Bennett must put forth "some evidence tending to show the existence of the essential elements" of a selective-prosecution challenge. Armstrong, 517 U.S. at 468 (citation omitted). Because he has not done so here, the Court will deny his request to compel discovery.

6

### IV. Conclusion

For the foregoing reasons, the Court will deny Defendant's Motion to Dismiss. A separate Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: October 17, 2023