# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Case No. 21-CR-312 (JEB) |
| | : |
| BRADLEY STUART BENNETT, | : |
| | : |
| Defendant. | : |

## UNITED STATES' MOTION FOR EARLY RETURN OF TRIAL SUBPOENA PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 17(c)

The United States of America, by and through undersigned counsel, respectfully moves this Court for an Order permitting it to issue a subpoena *duces tecum* inviting the subpoenaed entity to produce records prior to trial pursuant to Federal Rule of Criminal Procedure 17(c). The subpoena, a redacted version of which is attached, would require Cellco Partnership d/b/a Verizon Wireless ("Verizon") to produce records relating to subscriber information for a cellphone. The defendant does not oppose this motion but "reserve[s] the decision to object to the scope of the Verizon records." The United States does not know whether Bennett intends to file an objection to this motion related to the scope of the subpoena.

The subpoena would require the subpoenaed entity to produce the documents at the currently scheduled January 16, 2024, trial. The government requests permission to invite the subpoenaed entity to produce the materials directly to the government in lieu of appearing in Court. Upon receipt of any documents returned in this fashion, the government will provide copies of the documents to counsel for the defendant. The government further requests permission to grant any necessary extensions of time to the subpoenaed party for compliance with the subpoena, should such requests be made.

In support of its requests, the government states as follows.

## I.     BACKGROUND

Based on his actions on January 6, 2021, Bennett is charged with Obstruction of an Official Proceeding, in violation of 18 U.S.C. § 1512(c)(2) (Count I); Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1) (Count II); Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2) (Count III); Entering and Remaining in the Gallery of Congress, in violation of 40 U.S.C. § 5104(e)(2)(B) (Count IV); Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D) (Count V); and Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G) (Count VI). See ECF No. 122 (Superseding Indictment). Trial is scheduled to begin on January 16, 2024.

## II.    ANALYSIS

Federal Rule of Criminal Procedure 17(c) states that a trial subpoena "may order" the production of "any books, papers, documents, data, or other objects the subpoena designates." The Rule further provides that the Court "may direct" the production of the designated items "in court before trial." This Rule leaves advance production of a response to a document subpoena "to the court's discretion." *United States v. Binh Tango Vo*, 78 F. Supp. 3d 171, 178 (D.D.C. 2015) (quoting *United States v. Noriega*, 764 F. Supp. 1480, 1493 (S.D. Fla. 1991)). A party seeking an early-return trial subpoena must show "(1) relevancy; (2) admissibility; [and] (3) specificity." *Id.* (quoting *United States v. Nixon*, 418 U.S. 683, 700 (1974)).

In *Nixon*, 418 U.S. at 699-700, the Supreme Court adopted the Rule 17(c) analysis set forth in *United States v. Iozia*, 13 F.R.D. 335, 338 (S.D.N.Y. 1952). Pretrial production under Rule 17(c) is permissible when: (1) the documents are evidentiary and relevant; (2) they are

not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) the application is made in good faith and is not intended as a "fishing expedition."

These requirements are met with respect to this subpoena. Evidence obtained in this case, including from the extraction of co-defendant Elizabeth Williams's electronic devices and records obtained from Facebook, associate the defendant with a cellphone number ending in 2167. For example, records from Williams's devices show the user of the 2167 number sending the following message on January 4, 2021: "Patriots to dc." Those records also show the user of the 2167 number sending the following message on January 6, 2021: "STORMED Capitol. TORE DOWN BLOCKS. Literally climbed in WERE TEAR GASSED.  DOCUMENTED it. 1-2 million easily! We are safe!" These records, however, do not identify the subscriber for the 2167 number. Records from Verizon will provide evidence of subscriber information for the 2167 number, which will be relevant to identifying who sent the messages attributed to the defendant in Williams's cellphone and in another witness's cellphone. Accordingly, these records are relevant to the defendant's planning and activities surrounding January 6, 2021.

The proposed subpoena thus meets the requirements for issuance of a Rule 17(c) subpoena. This request is made in good faith for records which will be admissible and relevant to the offenses charged. The information sought will assist the jury in determining the defendant's planning and thinking in anticipation of his trip to Washington, D.C., and in determining his intent when he stormed the U.S. Capitol on January 6, 2021. The government requests the records in advance of trial to allow sufficient time to review those records, allow the defense to review and make use of them, and seek any additional evidence those records

3

uncover. Further, obtaining the records prior to the date of trial will facilitate the orderly progress of trial by allowing the parties to litigate or resolve any issues of admissibility arising from the document production before trial begins. *See Bowman Dairy Co. v. United States*, 314 U.S. 214, 219-20 (1951) (noting that an early-return trial subpoena serves the function of expediting trial by allowing for examination of the subpoenaed materials before trial begins). The government anticipates that Verizon will not provide the requested information without a subpoena.

As noted above, Rule 17(c)(1) requires a witness to produce the designated items "in court before trial" and states that "[w]hen the items arrive, the court may permit the parties and their attorneys to inspect all or part of them." The proposed subpoena requires the entity to produce the designated documents at the currently scheduled January 16, 2024, trial in this case.

The government requests permission to invite the subpoenaed party to produce the documents to the government electronically in advance of trial in lieu of appearing at trial. The government will provide them to the defense once received from the subpoenaed party. Finally, anticipating that the subpoenaed entity could face logistical constraints in timely producing records, the government further requests permission to accept early or grant any necessary extensions of time for compliance with the subpoena, should such requests be made.

## III. CONCLUSION

The government respectfully requests the Court to permit service of and obtain the records sought by the subpoena attached as an exhibit to this motion.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By: /s/ Anna Z. Krasinski
ANNA Z. KRASINSKI
Assistant United States Attorney
New Hampshire Bar No. 276778
United States Attorney's Office
Detailed from the District of New Hampshire
(202) 809-2058
anna.krasinski@usdoj.gov

NIALAH S. FERRER
Assistant United States Attorney
New York Bar No. 5748462
United States Attorney's Office
District of Columbia
(202) 557-1490
nialah.ferrer@usdoj.gov