IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
1:21-CR-312-JEB

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>v.<br>**BRADLEY BENNETT** | **Motion to Continue Trial Pending Supreme Court Resolution of the Application of 18 U.S.C. §1512** |

Bradley Bennett, by his undersigned counsel, respectfully moves this Honorable Court to continue his trial, currently scheduled for January 16, 2024 pending , *Fischer v. United States*, No. 23-5572, which will determine whether 18 U.S.C. § 1512(c)(2) applies to the conduct alleged in the Indictment.

1. On December 13, 2023, the Supreme Court granted certiorari to resolve the question whether 18 U.S.C. § 1512(c), which makes it a crime to corruptly obstruct congressional inquiries and investigations reaches "acts unrelated to investigations and evidence" such as those with which Mr. Bennett was charged in connection with his conduct on January 6, 2021 at the United States Capitol. *United State v. Fischer*, --- S.Ct. ----, 2023 WL 8605748, cert. grant, (2023).1 The Supreme Court will review the decision of the D.C. Circuit in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), which reversed Judge Nichols' decision dismissing a § 1512(c)(2) charge.

2. The question presented in the petition for certiorari is: Did the D.C. Circuit err in construing 18 U.S.C. § 1512(c) ("Witness, Victim, or Informant Tampering"), which prohibits obstruction of congressional inquiries and investigations, to include acts unrelated to investigations and evidence?

3. In a pretrial motion, Mr. Bennett preserved the very issue that the Supreme Court is to consider in *Fischer*. See Motion to Dismiss (ECF 103).

4. The Supreme Court's resolution of *Fischer* directly implicates the lead count, § 1512 on which Mr. Bennett is going to trial.

5. The § 1512 obstruction count carries a statutory maximum sentence of 20 years' imprisonment, a class C felony. See 18 U.S.C. § 3559(a)(3).

6. Mr. Bennett did not engage in violence on January 6, 2021.

7. Depending on how the Supreme Court rules on *Fischer*, Mr. Bennett's § 1512 felony charge could be dismissed or changed.

8. Were Mr. Bennett to be convicted of § 1512 during a trial, he would seek appeal, and the Supreme Court's review of § 1512(c) would certainly satisfy the requirement that the appeal raise a "substantial question of law."

9. The stay would be for a limited and finite period of time as the Supreme Court will issue an opinion in *Fischer* no later than the end of its term in July 2024.

10. A stay of the trial will preserve judicial resources and costs for the Court, the U.S. Attorney's Office, and the U.S. Marshall's Office and avoid duplication of efforts and unnecessary arguments. See Fed. R. Crim. Proc. 2 ("rules are to be interpreted to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay").

11. A short and finite stay of the proceedings is justified under all the circumstances in this case.

12. This motion is made in good faith and not for purposes of delay. Neither the Government nor the Defendant would be prejudiced by the continuance sought herein.

13. The ends of justice served by this motion outweigh the interests of the public and Mr. Bennett in a speedy trial. The period of delay resulting from granting this continuance should therefore be excluded from the calculation of speedy trial time pursuant to 18 U.S.C. Section 3161(h)(7)(A).

14. AUSAs Anna Krasinski and Nialah S. Ferrer have indicated that the government does not consent to this request.

## CONCLUSION

For all these reasons, and for any other reasons that may become apparent to the Court and are just and fair, Mr. Bennett respectfully requests that this Honorable Court continue his trial for the few months necessary for the Supreme Court to decide the applicability of 18 U.S.C. § 1512(c)(2) to Mr. Bennett's conduct.

Respectfully submitted,

*/s/ Rosemary Godwin*
Assisted Federal Public Defender
150 Fayetteville Street Suite 450
Raleigh, NC 27601
919-856-4236
Email: rosemary_godwin@fd.org

*/s/ Leza Lee Driscoll*
Assisted Federal Public Defender
150 Fayetteville Street #450
Raleigh, NC 27601
919-856-4236
Email: leza_driscoll@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that the instant notice was served on all counsel of record this 18th day of December, 2023 on all counsel of record via ECF.

*/s/ Rosemary Godwin*
Assisted Federal Public Defender
150 Fayetteville Street Suite 450
Raleigh, NC 27601
919-856-4236
Email: rosemary_godwin@fd.org

*/s/ Leza Lee Driscoll*
Assisted Federal Public Defender
150 Fayetteville Street #450
Raleigh, NC 27601
919-856-4236
Email: leza_driscoll@fd.org