## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **No. 21-cr-312 (JEB)** |
| | : | |
| **BRADLEY BENNETT,** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S
## <u>MOTION TO CONTINUE TRIAL</u>

Defendant Bradley Bennett was a member of the riot that stormed the U.S. Capitol on January 6, 2021.  He is charged with multiple criminal counts related to his conduct, including obstruction of an official proceeding in violation of 18 U.S.C. § 1512(c)(2).  Trial on all six counts is scheduled for January 16, 2024.  Bennett now seeks to continue his trial until mid-2024 because the United States Supreme Court granted certiorari in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted* 23-5572.  In that case, the Supreme Court will consider the appropriate interpretation of the statute criminalizing obstruction of an official proceeding, one of the six crimes for which Bennett is charged.  This development does not merit a continuance of the trial. Granting certiorari in *Fischer* does not establish that Bennett is likely to succeed on the merits of a challenge to Section 1512(c)(2), but simply establishes that the Supreme Court considers this to be an important question.  Moreover, the resolution of *Fischer* will have no impact on the remaining five counts.  Finally, the more appropriate vehicle for addressing the impact of the Supreme Court's grant of certiorari is for Bennett to file a motion for release pending appeal under 18 U.S.C. § 3143(b) if he is convicted at trial.  The government and the public have a strong interest in the timely adjudication of this case.  The Court should deny Bennett's request to delay this trial further.

## I.  Background

Bennett has been indicted on six counts: obstruction of an official proceeding, in violation of 18 U.S.C. § 1512(c)(2) (Count I); entering and remaining in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(1) (Count II); disorderly and disruptive conduct in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(2) (Count III); entering and remaining in the gallery of Congress, in violation of 40 U.S.C. § 5104(e)(2)(B) (Count IV); disorderly conduct in a Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(D) (Count V); and parading, demonstrating, or picketing in a Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(G) (Count VI). See ECF No. 122 (Superseding Indictment).  He was initially charged by complaint in March of 2021 and arrested in April of 2021.  This matter has been pending for over two years.

## II.  Legal Standard

"A trial judge enjoys great discretion in ruling on a motion for a continuance."  *United States v. Poston*, 902 F.2d 90, 96 (D.C. Cir. 1990).  In evaluating the need for a continuance, the Court considers the defendant's constitutional rights with the Government's and the public's "substantial interest in avoiding disruptions of a court's calendar and having guilt or innocence promptly adjudicated."  *See*, *United states v. Haldeman*, 599 F.2d 31, 83 (D.C. Cir. 1976); *see also Poston*, at 902 F.2d 96 (noting that courts should balance the justification offered by the party seeking a continuance "against the judicial system's interest in expeditious proceedings.").  Other factors a court may consider include the (1) length of the requested delay, (2) whether other continuances have been requested and granted, (3) inconvenience to litigants, witnesses, and counsel, (4) whether the requested delay is for legitimate reasons, or whether it is dilatory, purposeful, or contrived, (5) whether denying the continuance will result in identifiable prejudice to the defendant's case, and if so, whether this prejudice is of a material or substantial nature, and

(6) other relevant factors which may appear in the context of a particular case. *United States v. Burton*, 584 F.2d 485, 491 (D.C. Cir. 1978).

### III.     The Court Should Deny Bennett's Motion for a Continuance.

Bennett's a motion for a lengthy continuance should be denied because the relevant factors weigh against his request. First, the fact that the Supreme Court granted certiorari in *Fischer* does not establish that Bennett's 1512(c)(2) conviction will be dismissed or changed. *See*, Motion for Continuance, ECF 149, at 2 ¶ 7. At this time, a panel of the D.C. Circuit and every district court judge but one has agreed with the government's interpretation of that statute. *See Fischer*, 64 F.4th at 338 ("Although the opinions of those district judges are not binding on us, the near unanimity of the rulings is striking, as well as the thorough and persuasive reasoning in the decisions. . . . The district judge in the instant case stands alone in ruling that § 1512(c)(2) cannot reach the conduct of January 6 defendants."). The mere fact that the Supreme Court agreed to hear *Fischer* does not indicate that those opinions were wrongly decided. *See, e.g.*, *Heath v. Jones*, 941 F.2d 1126, 1131 (11th Cir. 1991) ("[T]he grant of certiorari does not necessarily indicate that the position advocated by Heath has any merit, only that it is an important question.").

Though Bennett characterizes his request as one for a "short" continuance, *Motion*, ECF No. 149, at 2 ¶ 11, "a five-month continuance is substantial." *United States v. Raymond*, No. 21-cr-380-CKK, 2023 WL 6317850, at *1 (Sept. 28, 2023). This case has been pending since March of 2021—over two years. During that time, the Court continued the matter multiple times when Bennett requested to proceed *pro se* and then sought to retain counsel. *See*, Minute Entries for Status Conferences held on March 23, 2022, April 27, 2022, June 24, 2022. Trial was scheduled for February 21, 2023, but was ultimately continued after Bennett requested appointed counsel. *See*, Minute Entry for Status Conference held on July 22, 2022. The matter was again set for trial

in October of 2023, Minute Entry for Proceedings held on May 9, 2023, but was continued to January 2024 due to Bennett's medical emergency.  *See*, Motion to Continue, ECF No. 142; *see also*, Minute Order dated October 10, 2023.  At the time, though the request for certiorari in *Fischer* was already pending, the parties did not anticipate a further five-month delay.

Additionally, it is unlikely that any decision in *Fischer* would be issued by the Supreme Court before the end of its term in June of 2024. That would be nearly three-and-a-half years after Bennett committed the offenses charged in the Indictment.  Delaying the trial for another five months or more would undermine the interests of the public in the timely adjudication of a case of great significance.

Obstruction of an official proceeding is not Bennett's only charge. He is also charged with entering and remaining in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(1) (Count II); disorderly and disruptive conduct in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(2); entering and remaining in the gallery of Congress, in violation of 40 U.S.C. § 5104(e)(2)(B); disorderly conduct in a Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(D); and parading, demonstrating, or picketing in a Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(G).  Regardless of the implications of *Fischer*, the public and the government have a right to resolution of Bennett's other charges.  And because the evidence on those charges overlaps with the evidence the government would use to prove the 1512 count, the parties should proceed to trial on all counts as currently scheduled.

Bennett will not suffer any irreparable injury by proceeding with trial as scheduled.  Even if Bennett is convicted of obstruction of an official proceeding and if the Supreme Court were to decide *Fischer* adversely to the government, it is not clear that the Court's interpretation of Section 1512(c)(2) would necessarily invalidate Bennett's conviction. And even if it did, the appropriate

venue for challenging such a conviction would be a motion to set aside the verdict or a post-sentencing appeal, depending on the timing.

Finally, if convicted of the 1512 charge, any potential irreparable injury to Bennett can be addressed via a motion for release pending appeal under 18 U.S.C. § 3143(b). Under that statute, a defendant who has been sentenced to a term of imprisonment "shall . . . be detained" unless the court finds that two separate requirements are met:

> (1)    "clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released," and
>
> (2)    that the appeal "raises a substantial question of fact or law likely to result in—(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."

18 U.S.C. § 3143(b)(1)(A)-(B). A "substantial question" is one that is "a close question or one that very well could be decided the other way." *United States v. Peholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987). Although the government would likely oppose such a motion, the possibility for release pending appeal is another factor favoring denial of Bennett's motion. The Bail Reform Act – not a lengthy continuation of the proceedings – is the proper mechanism under which to address any potential prejudice to Bennett.

Ultimately, Bennett's desire to have the Supreme Court resolve *Fisher* before his trial does not outweigh the government's or the public's interest in speedy resolution of this matter, particularly as there is a more appropriate mechanism to address this issue should Bennett be convicted at trial.  For all these reasons, Bennett's motion to continue trial for five months or more should be denied, and the Court should proceed with trial on January 16, 2024.

Respectfully Submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

DATED: December 19, 2023      By:      /s/ Anna Z. Krasinski
                                       ANNA Z. KRASINSKI
                                       Assistant United States Attorney
                                       New Hampshire Bar No. 276778
                                       United States Attorney's Office
                                       Detailed from the District of New Hampshire
                                       (202) 809-2058
                                       anna.krasinski@usdoj.gov

                                       NIALAH S. FERRER
                                       Assistant United States Attorney
                                       New York Bar No. 5748462
                                       United States Attorney's Office
                                       District of Columbia
                                       (202) 557-1490
                                       nialah.ferrer@usdoj.gov