**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Criminal No. 21-cr-312 (JEB)** |
| | : | |
| **BRADLEY STUART BENNETT,** | : | |
| | : | |
| **Defendant** | : | |

**UNITED STATES' OPPOSITION TO**
**DEFENDANT'S MOTION TO CONTINUE SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes Defendant Bradley Stuart Bennett's Motion to Continue the Sentencing. ECF No. 160. The defendant was convicted of five misdemeanor offenses for his participation in the Capitol Riot on January 6, 2021. On September 12, 2024, the Court scheduled the sentencing hearing for January 7, 2025.

On December 13, 2024, the defendant moved to continue both the date to file objections to the PSR and his sentencing based on a potential grant of a pardon. *See* ECF 160 at 3. Defense counsel also seeks a continuance based on "[v]arious deadlines" in another case. *Id.* at 2. The Court should deny this motion.

First, defense counsel filed objections to the PSR on December 16, 2024. Defendant's motion to extend the deadline to file objections to the PSR is now moot.

Second, no material change to the facts or law at issue in this case has occurred since the Court convicted the defendant on January 4, 2024, or set the sentencing hearing on September 12, 2024. As it stands on the current facts, unchanged since his conviction, the defendant has been convicted of several federal offenses and now must be promptly sentenced. *See* Fed. R. Crim. P. 32 ("The court must impose sentence without unnecessary delay.").

Third, there is a public interest in the prompt and efficient administration of justice. The government and the Court have endeavored to deliver that interest. The government disagrees that a continuance is warranted here, and the Court should proceed as it would in any other prosecution. Indeed, multiple courts in this district have denied motions to continue based on defendants' expectation and hope for a future pardon. *See, e.g.*, *United States v. David Davis* 23-cr-281 (CJN), Minute Order, November 27, 2024 (denying a motion to continue-which referenced *Pope* and *Lang*-a misdemeanor bench trial based on potential clemency); *United States v. Nathan Hughes*, 23-cr-237 (CJN), Minute Order, November 14, 2024 (denying a motion to continue all proceedings based on potential clemency); *United States v. Cody Connell et al.*, 21-cr-84 (PLF), Mem. Op., November 14, 2024 (Denying a motion to continue sentencing because "[w]hatever the President-elect may or may not do with respect to some of those convicted for their conduct at the Capitol on January 6, 2021, is irrelevant to the Court's independent obligations and legal responsibilities[.]"); *United States v. Whitney Johnson*, 24-cr-141 (JDB), Minute Order, November 13, 2024 (denying a motion to continue all proceedings based on potential clemency); *United States v. Stephen Baker*, 24-cr-121 (CRC), Minute Order, November 11, 2024 (denying a motion to continue all proceedings based on potential clemency); *United States v. Jaimee Avery*, 24-cr-79 (CRC), Minute Order, November 6, 2024 (denying continuance of sentencing hearing based on claim of potential clemency); *United States v. Nicholas Fuller*, 23-cr-209 (CKK), Minute Order, November 6, 2024 (denying motion to continue sentencing hearing based on claim of potential clemency); *United States v. Carnell, et al.*, 23-cr-139 (BAH), Minute Order, November 6, 2024 (denying motion to continue status conference based on claim of potential clemency); *United States v. Lichnowski*, 23-cr-341 (RBW), Minute Order, November 7, 2024 (denying motion to continue sentencing hearing based on claim of potential clemency).

Third, although defense counsel state that they have "[v]arious deadlines…quickly approaching" in another case, the motion fails to include those deadlines, when those deadlines were set, and why those deadlines would impact counsel's ability to prepare for sentencing.

For the foregoing reasons, the Court should deny the defendant's motion to continue and proceed with the January 7, 2025, sentencing in this case.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052


DATED: December 18, 2024        By:    /s/ Anna Z. Krasinski
ANNA Z. KRASINSKI
Assistant United States Attorney
New Hampshire Bar No. 276778
United States Attorney's Office
Detailed from the District of New Hampshire
(603) 451-7851
anna.krasinski@usdoj.gov

NIALAH S. FERRER
Assistant United States Attorney
New York Bar No. 5748462
United States Attorney's Office
District of Columbia
(202) 557-1490
nialah.ferrer@usdoj.gov